IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Vincent E. Smith, (R11677),　　　　　)
　　　　　　　　　　　　　　　　　　　) Case No. 16 C 50180
　　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　) Judge Philip G. Reinhard
Steven Duncan, Warden,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　　　)

## ORDER

For the following reasons, petitioner's 28 U.S.C. § 2254 petition [1]; [3] is denied. The court declines to issue a certificate of appealability. The matter is terminated.

## STATEMENT - OPINION

On June 10, 2016, petitioner Vincent E. Smith, a prisoner confined at the Lawrence Correctional Center, filed this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2011 home invasion, armed robbery, armed violence, and unlawful restraint convictions from the Twenty-Second Judicial Circuit Court, McHenry County, Illinois. *See* [1]; [3].

The evidence at trial was that petitioner had broken into a home with an accomplice, who attacked a victim before stealing the victim's money. Both of the men wore ski masks, although at least defendant's mask had large holes allowing for some amount of his face to be seen. Four eyewitnesses to the crime, three of whom knew defendant previously, testified that he was one of the masked men. Three of the witnesses positively identified him during a photo line up, while one stated at the line up that she was almost sure, although not absolutely sure, that it was him. Petitioner raised an alibi defense, namely that he was drinking at a bar the night in question. The bar owner and bartender testified that he was drinking at the bar the night in question, but also testified that he closed his tab several hours before the events of the crime occurred. Petitioner's girlfriend testified that she picked him up at closing time and took him home. In rebuttal, the prosecution introduced a recorded conversation where the girlfriend asked petitioner what she should tell investigators about the night of the crimes. The prosecution also presented a recording of a phone call to petitioner from an unknown person. The unknown person related a newspaper article about the home invasion, and petitioner replied "How was that when – when we was masked?" *See* [6-9] at 26.

Notably, the prosecution had advised the court that it intended to proffer the recorded conversation of the girlfriend during its case-in-chief, but because defendant indicated that he was going to introduce the girlfriend's testimony regardless, the prosecution was allowed to present the recorded conversation in rebuttal. With regard to the other recorded conversation introduced in

1

rebuttal, defendant objected that it should have been presented during the case-in-chief, but his objection was overruled. As such, the evidence shows that the prosecution was willing and able to introduce both recorded conversations, at a minimum the conversation with the girlfriend, regardless of whether defendant presented an alibi defense.

Following his conviction, petitioner filed a direct appeal, and the judgment was affirmed. He did not file a PLA with the Illinois Supreme Court. He later filed a pro se postconviction petition, arguing that his trial counsel was ineffective for presenting an unreasonable alibi defense. His petition was denied, the Illinois Appellate Court affirmed, and a PLA to the Illinois Supreme Court was denied.

In the instant petition, petitioner raises a single claim of ineffective assistance of trial counsel, namely counsel's decision to present an alibi defense, which he contends prejudiced him because it opened the door to the prosecution proffering additional evidence of guilt in rebuttal. Respondent has answered the petition [5], and petitioner has filed a reply [7]. This matter is now ripe for the court's review.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the decision under review is the Illinois Appellate Court's ruling in petitioner's 725 ILCS 5/122-1 postconviction petition, "the last state court that substantively adjudicated [petitioner's] claim." *See Alston v. Smith*, 840 F.3d 363, 367 (7th Cir. 2016). Under AEDPA, a reviewing court may only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Julian v. Bartley*, 495 F.3d 487, 492 (7th Cir. 2007). When assessing the first prong:

> A state court decision contradicts clearly established law if it applies a legal court unreasonably applies Supreme Court precedent if it identifies the correct legal rule but applies it in a way that is objectively unreasonable.

*Rodriguez v. Gossett*, 842 F.3d 531, 537 (7th Cir. 2016). When assessing the second prong, "[i]n assessing the reasonableness of the state court's decision, the federal court assumes that the state courts' factual determinations are correct unless the defendant rebuts them with clear and convincing evidence." *Julian*, 495 F.3d at 492.

As noted, petitioner raises a claim of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). The standards for such a claim are well established in the Seventh Circuit:

> In *Strickland*, the Supreme Court established a two-part test for adjudicating ineffective assistance of counsel claims that requires a petitioner to show (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced his defense. To establish deficiency, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Rodriguez*, 842 F.3d at 537-38 (internal quotations omitted). "Under AEDPA, the bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high

2

one. When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015) (internal quotations omitted).

Here, the Illinois Appellate Court found that "defendant did not present the gist of a claim that trial counsel was ineffective, as defendant has not established that he was arguably prejudiced." [6-9] at 25. First, the court noted that the state would have introduced at least the statement with the girlfriend regardless of whether defendant presented an alibi defense. Next, the court found that the four eyewitnesses who testified that he was one of the masked men were more than sufficient to find him guilty of the crime. Finally, the court noted that "defendant has not pointed to anything that contradicts the State's case against him. Rather, he claims only that, had his trial counsel not presented an alibi, the jury arguably would have found him not guilty." [6-9] at 31. The court rejected this argument, concluding that "[w]e fail to see how that could have happened. Under either scenario, whether counsel presented defendant's alibi or not, the fact remains that four people identified defendant as one of the masked men. Without evidence contradicting the eyewitnesses' testimony, we find [defendant's argument] unpersuasive." *Id.*

This court finds that the Illinois Appellate Court's did not "contradict clearly established law" or "unreasonably apply Supreme Court precedent" because it applied the correct *Strickland* standard and did not apply it in a way that was "objectively unreasonable." *Rodriguez*, 842 F.3d at 537. To the contrary, the court correctly noted that much, perhaps all, of the rebuttal evidence defendant points to would have been introduced regardless of the alibi. Moreover, the absence of an alibi defense would have left essentially unchallenged the four eyewitnesses who testified that defendant was one of the masked men. For the foregoing reasons, defendant's § 2254 petition must fail.

While petitioner attempted to raise the issue of ineffective assistance of counsel in his § 2254 petition, the court finds his collateral claim is without merit and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability. The matter is terminated.

Date: 1/27/2017              ENTER:

                             *Philip G. Reinhard*
                             ───────────────────────────
                             United States District Court Judge

                                            Notices mailed by Judicial Staff. (LC)